Cite as 2024 Ark. 134

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE COURTNEY RAE HUDSON V. ARKANSAS ADMINISTRATIVE OFFICE OF THE COURTS; SUPREME COURT OFFICE OF PROFESSIONAL CONDUCT; MARTY SULLIVAN, EXECUTIVE DIRECTOR OF THE ADMINISTRATIVE OFFICE OF THE COURTS; AND CHARLENE FLEETWOOD, ACTING DIRECTOR OF THE OFFICE OF PROFESSIONAL CONDUCT | **Opinion Delivered:** September 24, 2024<br><br><br><br><br><br>AN ORDER UNDER THE SUPREME COURT'S SUPERINTENDING AUTHORITY |

**PER CURIAM**

Amendment 80, section 4 of the Arkansas Constitution states that "[t]he Supreme Court shall exercise general superintending control over all courts of the state[.]" Pursuant to Amendment 80, section 4, this court issues the following per curiam opinion in the matter of *Courtney Rae Hudson v. Arkansas Administrative Office of the Courts; Supreme Court Office of Professional Conduct; Marty Sullivan, Executive Director of the Administrative Office of the Courts; and Charlene Fleetwood, Acting Director of the Office of Professional Conduct*, Case No. 60CV-24-7576, currently before the Honorable Patricia Ann James of the Pulaski County Circuit Court. For the reasons set forth below, and pursuant to this court's "general superintending control" and authority granted by Amendment 80, section 4 of the Arkansas Constitution, we vacate the circuit court's order granting preliminary injunctive relief and dismiss the pending civil action with prejudice.

On August 23, 2024, Marty Sullivan ("Sullivan"), Executive Director of the Administrative Office of the Courts (the "AOC"), and Charlene Fleetwood ("Fleetwood"), Acting Director of the Office of Professional Conduct (the "OPC"), received a Freedom of Information Act request ("FOIA request") from Mark Friedman ("Friedman"), Senior Editor of *Arkansas Business*, for "[a]ny and all communications" sent after January 1, 2023, between (1) Lisa Ballard, the former executive director of the OPC, and Allison Hatfield; (2) Lisa Ballard and Justice Courtney Hudson; (3) Lisa Ballard and Anne Laidlaw; (4) Lisa Ballard and Linda Napper; and (5) Lisa Ballard and Doug Smith.

Ultimately, because the OPC is governed by the Supreme Court of Arkansas pursuant to Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law, this court held a confidential vote on an administrative matter pertaining to the release of emails, pursuant to Friedman's FOIA request, from Ballard to Justice Hudson. The court's vote did not concern any communications from Justice Hudson to any party, as those communications are subject to a FOIA exemption set forth in Arkansas Code Annotated section 25-19-105(b)(7) (Repl. 2024). As revealed in the circuit court pleadings, five justices voted to authorize Fleetwood to release the emails from Ballard to Justice Hudson.

On September 6, 2024, Justice Hudson filed suit in the Pulaski County Circuit Court seeking an injunction prohibiting the AOC, the OPC, Sullivan, and Fleetwood from producing materials in response to Friedman's FOIA request. On September 6, 2024, the circuit court entered an ex parte temporary restraining order pursuant to Rule 65(b) of the Arkansas Rules of Civil Procedure. On September 18, 2024, Justice Hudson filed a brief in

support of preliminary injunction and attached six exhibits. Among those exhibits were two confidential, unredacted, unsealed emails from Chief Justice John Dan Kemp to the six associate justices concerning the court's confidential vote on the FOIA matter. On September 18, 2024, the circuit court held a hearing, and on September 23, 2024, the circuit court granted Justice Hudson's request for a preliminary injunction under Rule 65.

This court is exercising its superintending authority under Amendment 80, section 4 of the Arkansas Constitution. *E.g.*, *Steinbuch v. Pulaski Cnty. Cir. Ct.*, 2024 Ark. 101, at 5, 689 S.W.3d 56, 59; *Parker v. Crow*, 2010 Ark. 371, at 5, 368 S.W.3d 902, 906 ("Superintending control is an extraordinary power that is hampered by no specific rules or means. By virtue of the jurisdiction, the court may invent, frame, and formulate new and additional means, writs, and processes.").

Here, an inferior court has purported to indirectly stay an administrative action of the supreme court by issuing an injunction against employees and entities under the control of this court. The pleadings and exhibits contain information on their face that should have put the circuit court on notice that this matter involved an internal administrative issue over which the circuit court has no jurisdiction. To allow a circuit court to stay enforcement of the supreme court's decisions would usurp the supreme court's authority guaranteed by the Arkansas Constitution. *See, e.g.*, *Steinbuch*, 2024 Ark. 101, at 6, 689 S.W.3d at 60. It would also allow any dissenting justice to halt the administration of the supreme court by seeking additional review whenever he or she disagrees with an internal court decision. This specific action undermines the confidence in the judiciary and subverts the efficient and effective administration of justice. In this unique set of circumstances, the circuit court's action

requires us to assert our extraordinary power of superintending control, pursuant to Amendment 80, section 4 of the Arkansas Constitution.

Therefore, we order that the circuit court's September 23 order on preliminary injunctive relief pursuant to Rule 65 is hereby vacated, and we dismiss the underlying complaint with prejudice for lack of subject-matter jurisdiction. The Clerk of the Supreme Court of Arkansas shall cause a mandate to be issued in that case number.

Because this case implicates potential violations of the Arkansas Code of Judicial Conduct and the Arkansas Rules of Professional Conduct, particularly the flagrant breaches of confidentiality and the public trust, we refer Justice Hudson to the Arkansas Judicial Discipline and Disability Commission for investigation and refer Justin Zachary of Denton, Zachary & Norwood PLLC to the Office of Professional Conduct for investigation.

It is hereby ORDERED.

Mandate to issue immediately.

BAKER and HUDSON, JJ., dissent with written opinions to follow.